UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| **HERMAN E. TALMADGE, JR.,** | ) |
| | ) Case No. 14-50312-wlh |
| DEBTOR. | ) |

**FIFTH AMENDMENT TO TRUSTEE'S PLAN OF REORGANIZATION FOR THE DEBTOR'S BANKRUPTCY ESTATE UNDER CHAPTER 11 OF THE BANKRUPTCY CODE [ECF NO. 266], AS AMENDED [ECF NOS. 294, 310, 318, 319]**

COMES NOW Chapter 11 Bankruptcy Trustee J. Michael Levengood and files this, his Fifth Amendment to Trustee's Plan of Reorganization for the Debtor's Bankruptcy Estate Under Chapter 11 of the Bankruptcy Code [ECF No. 266], as Amended [ECF Nos. 294, 310, 318, 319], revising Article V, Section 4.3, entitled "Class 3 Claims: Priority Tax Claims" and "Class 4 Claims: Henry County Secured Tax Claims", to include the following additional language:

4.3    **Class 3 Claims: Priority Tax Claims.**  Class 3 Priority Tax Claims are not impaired. To the extent such Claims are Allowed, the Class 3 Priority Tax Claims will be paid as follows: the total amount of the Allowed Claim of each holder of a Class 3 Priority Tax Claim, plus any additional payment ordered by the Court as provided herein, shall be paid in equal, consecutive, quarterly installments, over a period which commences on the first day of the calendar

quarter which is the latter of: (i) the first calendar quarter which commences not less than 70-days from the Consummation Date, or (ii) the first calendar quarter which commences not less than 70-days from the Distribution Date, and which period of payment terminates not later than five (5) years after the date of the entry of the Order for Relief under Section 301 of the Code, which five (5) year period ends on January 5, 2019. In addition to payments of the amount of an Allowed Priority Tax Claim, the holder of such Allowed Claim shall be paid Interest on the principal amount of such Allowed Claim at the rate of .63% per month. Notwithstanding the above, in the event Trustee sells real property or timber, all outstanding ad valorem taxes and interest arising from ownership of such property will be paid at the time of sale. Any payments satisfying pre-2019 taxes plus interest made at the time of property sales will be credited against the next payment.

**Class 4 Claims: Henry County Secured Tax Claims.** The Class 4 Henry County Secured Tax Claims are impaired and shall be treated as follows:

A. **Payment Terms.** Except as provided in subpart B below respecting some provisions pertaining to payment of *ad valorem* taxes, Allowed Class 4 Henry County Secured Tax Claims shall be treated as follows: The holder of the Class 4 Claims shall retain its tax lien, subject to the provisions set forth

below. The total amount of the Allowed Claim of each holder of a Class 4 Secured Tax Claim, plus interest as outlined below, shall be paid in four semi-annual installments commencing six months from the Consummation Date. In addition to payments in the amount of the Henry County Allowed Tax Claims, the holder of such Allowed Tax Claims shall be paid Interest on the principal amount of such Allowed Claim at the rate of .63% per month. Payments of interest shall be made simultaneously with quarterly payments on the Allowed Secured Tax Claims.

B. **Additional Provisions Related to Payment of *Ad Valorem* Taxes.**

(1) *Pro Rata* applications of tax payments among tax parcels. So long as more than one tax parcel is subject to pre-petition Henry County Allowed Secured Claims, and except as provided in subparagraph 5.1.B(3) below, payments on the Henry County Allowed Secured Claims shall be credited *Pro Rata* to the amount of tax outstanding on each of the tax parcels included in the Henry County Allowed Claims held by such claimant.

(2) Prepayment on sale of an entire tax parcel. In those instances in which property is sold which constitutes an entire tax parcel constituting part, but not all, of the Henry County Allowed Claims the Trustee shall pay at the time of sale the dollar amount of taxes remaining unpaid as related to said tax parcel, after the *Pro Rata* crediting of tax payments received by the holder of the Henry County Allowed Claims pursuant to subsection A above. Any payments satisfying

pre-2019 taxes plus interest made at the time of property sales will be credited against the next semi-annual payment.

(3) <u>Prepayment on sale of less than entire tax parcel.</u> In those instances in which the property is sold which constitutes less than an entire tax parcel as determined by the holder of the Henry County Tax Commissioner Claim, the procedure shall be as follows regarding prepayment of a portion of the Allowed Priority Tax Claim as related to the property which is sold:

(a) In the event Trustee desires to sell property which constitutes less than an entire tax parcel (hereinafter "Partial Tax Parcel"), Trustee shall furnish the holder of the Henry County Tax Commissioner Claim a description of the Partial Tax Parcel in a survey, or other description satisfactory to the holder of the Henry County Tax Commissioner Claim.

(b) On receipt of the property description and survey or other description satisfactory to the holder of the Henry County Tax Commissioner Claim for the Partial Tax Parcel, the governmental unit holding the Allowed Priority Tax Claim shall pro rate *ad valorem* taxes so that a fair tax release price is established for the Partial Tax Parcel, as compared to *ad valorem* taxes due on the entire tax parcel, after giving credit for the *Pro Rata* portion

of payments received by the holder of the Henry County Tax Commissioner Claim pursuant to subsection 5.1.B(1) above.

(c) Any payments satisfying pre-2019 taxes plus interest made at the time of property sales as outlined herein will be credited against the next semi-annual payment.

To the extent there is any conflict between this Fifth Amendment and Trustee's Plan of Reorganization for the Debtor's Bankruptcy Estate Under Chapter 11 of the Bankruptcy Code dated May 1, 2018 [ECF No. 266], as amended [ECF Nos. 294, 310, 318, 319], this Fifth Amendment shall control.

Dated this 19th day of September, 2018

**BANKRUPTCY ESTATE OF HERMAN E. TALAMDGE. JR., DECEASED**

By: */s/ J. Michael Levengood, Trustee*
Chapter 11 Trustee


*/s/ James C. Joedecke, Jr.*
Thomas J. Andersen
Georgia Bar No. 016250
James C. Joedecke, Jr.
Georgia Bar No. 391885
*Counsel for J. Michael Levengood, Trustee*
ANDERSEN TATE & CARR, P.C.
One Sugarloaf Center, Suite 4000

1960 Satellite Boulevard
Duluth, GA 30097
(770) 822-0900 (telephone)
(770) 822-9680 (facsimile)
<u>jjoedecke@atclawfirm.com</u>
3280487_1