

**IT IS ORDERED as set forth below:**

**Date: October 9, 2018**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| HERMAN E. TALMADGE, JR. | ) | CASE NO. 14-50312-wlh |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## ORDER CONFIRMING PLAN OF REORGANIZATION

**WHEREAS**, J. Michael Levengood, Chapter 11 Trustee, having proposed and filed Trustee's Chapter 11 Plan of Reorganization on May 1, 2018, [ECF No. 266] as amended by that certain First Amendment to Trustee's Plan of Reorganization dated July 23, 2018 [ECF No 294]; as amended by that certain Second Amendment to Trustee's Plan of Reorganization dated August 29, 2018 [ECF No. 310]; as amended by that certain Third Amendment to Trustee's Plan of Reorganization dated September 19, 2018 [ECF No. 318]; as amended by that

certain Fourth Amendment to Trustee's Plan of Reorganization dated September 19, 2018 [ECF No. 319]; as amended by that certain Fifth Amendment to Trustee's Plan of Reorganization dated September 19, 2018 [ECF No. 320] (Trustee's Chapter 11 Plan of Reorganization filed on May 1, 2018, together with all Amendments thereto collectively referred to as, the "Plan"); and

**WHEREAS**, the Court having conducted a hearing on September 24, 2018 to consider confirmation of the Plan (the "Hearing") on notice to the Trustee, all creditors, and all parties in interest; and

**WHEREAS**, the Court being familiar with the Plan and other relevant factors affecting this case pending under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"); and the Court having taken judicial notice of the entire record of the Chapter 11 case, including without limitation, all pleadings and papers filed in the Chapter 11 case, including this Court's Order and Notice Approving Trustee's Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, And Notice of Confirmation Hearing, and Notice of the Time Fixed for Filing Objections to Confirmation of the Plan entered by this Court on July 24, 2018 ("Order Approving Disclosure Statement"), (a) approving the Debtor's Disclosure Statement, (b) approving the forms of ballots and solicitation and tabulations

procedures, (c) prescribing the form and manner of notice thereof, (d) fixing the last date for filing objections to the Plan, and (e) scheduling a hearing to consider confirmation of the Plan [ECF No. 297]; and

**WHEREAS**, the Court having found that due and proper notice has been given with respect to the Hearing, deadlines and procedures for objections to the Plan; and the appearance of all interested parties having been duly noted in the record of the Hearing; and

**WHEREAS**, upon the record of the Hearing, and after due consideration and sufficient cause appearing;

### IT IS FOUND AND CONCLUDED THAT:

1.   The Court has jurisdiction over the instant Chapter 11 case and the subject matter of the Hearing pursuant to 28 U.S.C. §§ 157 and 1334.  Plan confirmation is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and this Court has jurisdiction to enter this Confirmation Order with respect thereto.  The Debtor is eligible for relief under Bankruptcy Code § 109, and the Trustee is a proper proponent of the Plan under § 1121 of the Bankruptcy Code.

2.   Venue of the instant Chapter 11 case is proper before this Court pursuant to 28 U.S.C. § 1408.

3.   This Court takes judicial notice of the docket of the instant Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings, all documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before this Court during the pendency of the Chapter 11 case, and of the proofs of claim filed in the instant Chapter 11 case.

4.   The Trustee solicited votes on the Plan by distributing copies of the Second Amended Disclosure Statement, the Plan filed by the Trustee on May 1, 2018, the First Amendment to Plan, the Order Approving Disclosure Statement and a Ballot to be executed by holders of Claims in Classes 4, 5, 6, 7, 8, 9, 10 and 11 of the Plan in conformance with Rules 2002 and 3017 of the Federal Rules of Bankruptcy Procedure (the "Rules").

5.   Due and proper notice has been given with respect to the Hearing, and deadlines and procedures for objections to the Plan in conformance with Rules 2002, 3017 and 3020 and the Order Approving Disclosure Statement; and the appearance of all interested parties having been duly noted in the record of the Hearing.   The Court finds that notice of the Plan as well as the transactions contemplated thereby, and of the Hearing have been reasonable, adequate and sufficient in all respects; and

6.  Upon Declaration of Counsel for the Trustee (the "Ballot Declaration"), the Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.  As evidenced by the Ballot Declaration and based upon the record before this Court, the solicitation and tabulation of acceptances and rejections of the Plan by Trustee and his counsel was accomplished in a proper, fair and lawful manner in accordance with the Order Approving Disclosure Statement; all applicable sections of the Bankruptcy Code, and all applicable Rules; and

7.  Objections to confirmation of the Plan were filed or asserted as follows (collectively, the "Objections"):  (1) Objection filed by Partitioning Children to Trustee's Plan of Reorganization dated June 22, 2018 [ECF No. 290]; (2) Limited Objection filed by Henry County Tax Commissioner dated August 24, 2018 [ECF No. 306] and Limited Supplemental Objection filed by Henry County Tax Commissioner dated August 30, 2018 [ECF No. 314]; and (3) Objection filed by Talmadge Aligned Children dated August 24, 2018 [ECF No. 305].

8.  As confirmed on the record at the Hearing by all counsel who filed the Objections, all counsel filing objections participated in the Hearing and all Objections have been resolved by the Plan; and

9. After notice, pursuant to Federal Bankruptcy Rule 3019(a), the First, Second, Third, Fourth and Fifth Amendments to the Plan [ECF No.'s 294, 310, 318, 319 and 320] do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted, in writing, the Amendments outlined above, or any of them.  Accordingly, pursuant to Bankruptcy Code § 1127(b) and Rule 3019, the Amendments do not require additional disclosure under Bankruptcy Code § 1125 or the re-solicitation of acceptances or rejections of the Plan under Bankruptcy Code § 1126, nor do they require that holders of Claims against or Interests in Debtor be afforded an opportunity to change previously cast acceptances or rejections of the Plan as filed with the Court.  The Plan shall be deemed accepted by all creditors and equity security holders who have previously voted to accept the Plan; and

10. The Plan complies with the provisions of Chapter 11 of the Bankruptcy Code.  In particular, the Plan complies with the requirements of Sections 1122, 1123, 1125, 1126 and 1129 of the Bankruptcy Code; and

1. With respect to §§ 1122 and 1123(a)(1), (2), and (3), the Plan designates Claims and Interests, in compliance with same.  The Plan designates twelve classes of Claims:  Administrative Claims (Class 1); Non-Tax Priority Claims (Class 2); Priority Tax Claims (Class 3); Henry County Secured Tax Claims (Class 4);

Timber Loan Secured Claim (Class 5) and removed pursuant to Third Amendment to Plan; State Bank Secured Claim (Class 6); State Bank Unsecured Deficiency Claim (Class 7); Partitioning Children Claim (Class 8); Non-Debtor Real Property Interest Claims (Class 9); Unsecured Non-Priority, Non-Insider, Non-Deficiency Claims (Class 10); Unsecured Non-Priority Claim of Acorn 6 (Class 11); and Unsecured Non-Priority, Insider Claims (Class 12). The Holders of Class 1, 2 and 3 Claims are unimpaired and deemed to have accepted the Plan.[1] The Holders of Class 4, 6, 7, 8, 9, 10, 11 Claims are impaired. The Trustee is not aware of any Holders of Class 12 Claims. The Plan specifies the treatment of each impaired Class. The classification of Claims and Interests in the Plan is reasonable and necessary, has a rational, justifiable and good faith basis, and places Claims and Interest in a particular Class where such Claims are substantially similar to the other Claims in such Class. Therefore, the Plan satisfies the requirements of Bankruptcy Code Section 1123(a)(1), (2) and (3). The Plan provides for all Holders of Claims within a particular Class to receive identical treatment under the Plan unless such holder has expressly consented to less favorable treatment, and therefore the Plan satisfies the requirements of Bankruptcy Code § 1123(a)(4).

---

[1] At the Hearing, the Court noted a discrepancy in the Trustee's Disclosure Statement, which provided for a division of Class 3 claims into 3(a) and 3(b). As discussed at the hearing, Trustee's counsel confirmed that this division was an oversight and therefore should be disregarded, with Class 3 claims being treated as provided for in the Plan.

Furthermore, the Plan provides adequate means for implementation of the Plan and complies with Bankruptcy Code § 1123(a)(5); and

2.   The Plan impairs or leaves unimpaired each class of Claims in accordance with Bankruptcy Code § 1123(b)(1) and therefore the Plan complies with Bankruptcy Code § 1123(b)(1).   The Trustee has exercised sound business judgment in determining that all executory contracts and unexpired leases shall be deemed accepted or rejected, including, but not limited to Trustee's decision to assume the Grid Towers Contract.   Accordingly, the Plan complies with Bankruptcy Code § 1123(b)(2);

3.   The Plan has been proposed in good faith and not by any means forbidden by law.  The Trustee and his agents, advisers and attorneys have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code with respect to the administration of the Plan, the solicitation of acceptances with respect thereto, and the property to be distributed thereunder and are entitled to the protections afforded by Bankruptcy Code Section 1125(e) and the exculpatory, injunctive, and release provisions set forth in the Plan; and

4.   The Plan is the product of extensive arms-length negotiations among the Trustee, Trustee's counsel and Holders of Claims.   The Plan reflects these negotiations and is reflective of the interests of all of the Estate's constituencies.

In determining that the Plan has been proposed in good faith, in addition to the foregoing, the Court examined the totality of circumstances surrounding the filing of the instant Chapter 11 case and the formulation of the Plan and concludes that there is a reasonable likelihood that the Plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code. The Trustee has satisfied the requirements of Bankruptcy Code § 1129(a)(3); and

5.    Any payments made or to be made by the Trustee for services, costs or expenses in connection with the instant Chapter 11 case have, to the extent required by the Bankruptcy Code, Rules, or Order of this Court, been approved by, or are subject to approval of, this Court as reasonable. Therefore, the Plan complies with Bankruptcy Code § 1129(a)(4); and

6.    The Trustee has disclosed that he intends to continue to serve in his capacity as Trustee after Confirmation, and this is consistent with the interests of creditors and equity security holders and with public policy. As such, the Plan complies with Bankruptcy Code § 1129(a)(5); and

7.    With respect to Bankruptcy Code § 1129(a)(7), each Holder of a Claim has accepted the Plan (or will receive or retain under the Plan property of a value as of the Confirmation Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the

Bankruptcy Code on such date), and the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under the Plan and has not accepted the Plan.  Therefore, the Plan complies with Bankruptcy Code § 1129(a)(7); and

8.  The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law.  The Plan satisfies Bankruptcy Code Section 1129(a)(9) because, except to the extent that the Holder of a particular Claim has agreed to different treatment, the Plan provides that all Administrative, Priority and Tax Claims will be treated in accordance with Bankruptcy Code Section 1129(a)(9).  Furthermore, the Plan has been accepted by at least one Class of Claims that is impaired under the Plan (which acceptance has been determined without including any acceptance of the Plan by any insider).  Therefore the Plan satisfies the requirements of Bankruptcy Code Section 1129(a)(10).

9.  The Plan proposes sales of certain assets of Debtor, and in light of the Court's consideration of the evidence and arguments presented at the Hearing and otherwise in support of Confirmation of the Plan, the Court finds that the course of action proposed by the Plan is feasible.  Thus, the provisions of Bankruptcy Code § 1129(a)(11) have been satisfied; and

10. The Plan provides for payment of all fees and charges payable when due until a final decree is entered, thus satisfying the requirements of Bankruptcy Code § 1129(a)(12); and

11. All payments made or promised under the Plan have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court; and

12. The Plan does not discriminate unfairly and it is fair and equitable with respect to all impaired Classes. Thus, the Plan satisfies the requirements of Bankruptcy Code § 1129(b); and

13. Other than this Plan, no other reorganization plan has been filed. The Confirmation of the Plan is not likely to be followed by further liquidation or reorganization of the Debtor. Therefore, the requirements of Bankruptcy Code Section 1129(c) have been satisfied; and

14. No party in interest that is a governmental unit has objected to the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Security Act of 1933, and the Court finds this is not the principal purpose of the Plan. Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1129(d).

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

A. The Plan is hereby confirmed. The terms of the Plan are incorporated herein and are an integral part of this Order. Any reference to the Plan herein shall be deemed to include the Amendments. The provisions of this Order are integrated with each other and are not severable.

B. The findings of this Court set forth above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any provision designated herein as a finding of fact is more properly characterized as a conclusion of law, it shall be so deemed, and vice-versa.

C. Trustee Levengood is authorized to undertake or cause to be undertaken any and all actions contemplated by the Plan or required to consummate and implement the provisions of the Plan, prior to, on, or after the Confirmation Date, including without limitation, entering, executing, delivering, filing or recording any agreements, instruments or documents necessary to implement the Plan. Trustee Levengood may seek to alter, amend or modify the Plan after Confirmation, on such notice and hearing as the Court deems appropriate.

D. Pursuant to Bankruptcy Code Section 1141, the Plan and this Order shall be legally binding upon and inure to the benefit of the Trustee, the Debtor, Debtor's bankruptcy estate, the holders of Claims, all other parties in interest in the Chapter 11 case, and their respective successors and assigns. Any federal, state, commonwealth, local, or other governmental agency or department is hereby directed and ordered to accept any and all documents and instruments necessary, useful, or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan or herein.

E. Pursuant to Bankruptcy Code Section 1141, effective as of the Confirmation Date, and subject to the terms of the Plan and this Order, all prior orders of this Court entered in the Chapter 11 Cases and all documents and agreements executed by the Debtors as authorized and directed thereunder, shall be, and hereby are, binding upon, and shall inure to the benefit of the Trustee, the Debtor, Debtor's bankruptcy estate, the Holders of Claims, all other parties in interest in the Chapter 11 case, and their respective successors and assigns.

F. Pursuant to Bankruptcy Code Section 1146(c), the issuance, transfer, or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust, deed to secure debt, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other

instrument of transfer under, in furtherance of, or in connection with the Plan,
including any merger agreement or agreement of consolidation, deed, bill of sale, or
assignment in connection with any of the transactions contemplated under the Plan,
including to or by the Trustee herein, shall not be subject to any stamp, real estate
transfer, mortgage recording, or other similar tax. All sale transactions
consummated by the Trustee and approved by the Bankruptcy Court, including any
transfers effectuated under the Plan, the sale by the Debtors of property pursuant to
Bankruptcy Code Section 363(b), shall be deemed to have been made under, in
furtherance of, or in connection with the Plan and, thus, shall not be subject to any
stamp, real estate transfer, mortgage recording, or similar tax. Consistent with the
foregoing, each recorder of deeds or similar official for any county, city, or
governmental unit in which any instrument is to be recorded shall be, and hereby
is, ordered, and directed to accept such instrument without requiring the payment
of any documentary stamp tax, deed stamps, stamp tax, transfer tax, intangible tax,
or similar tax.

G. No new Notes or securities are being issued under the Plan. To the extent it
is deemed that a security was issued under the Plan, the exemption from the
requirements of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, and any
other Federal, state or local law regulating or requiring registration for the offer or

sale of a security, provided for in Bankruptcy Code Sections 1145 and 105, shall apply to any such security.

H. Subject to paragraph P below, all executory contracts and unexpired leases that exist between the Debtor and any other person or entity shall be deemed rejected by the Trustee as of the Confirmation Date, except for any executory contract or unexpired lease: (a) that has been assumed or rejected pursuant to an order of the Court entered before the Confirmation Date; (b) as to which a motion for approval of the assumption of such executory contract or unexpired lease is pending on the Effective Date; or (c) that is specifically designated or generally described as a contract or lease to be assumed in the Plan. Unless otherwise specified, each executory contract and unexpired lease listed on such exhibit shall include all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without regard to whether such agreement, instrument, or other document is itself listed separately. The classification of Claims and Interests for purposes of distribution provided for under the Plan shall be governed solely by the terms of the Plan, which are incorporated herein.

I.  Pursuant to the Plan, this Court shall retain jurisdiction after the confirmation of the Plan to the fullest extent legally permissible and for any purpose, including all jurisdiction necessary to ensure that the provisions of the Plan are carried out.

J.  Unless otherwise provided herein, or in the Plan, or in a separate Final Order of the Court, all injunctions and stays arising under or entered during the Chapter 11 Case under Bankruptcy Code Section 105 or 362 and in existence on the Confirmation Date shall remain in full force and effect.

K. The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect, and enforceability as if fully set forth in this Order.

L.  Pursuant to Rule 3020(c), on or before the tenth (10th) day following the entry of this Order, the Trustee shall serve notice of: (i) entry of this Confirmation Order; (ii) the deadline established herein for filing rejection damage claims, and (iv) such other matters that the Trustee deems appropriate as provided in Rule 2002(f) and pursuant to the Plan, in the form attached hereto as Exhibit B, which form is hereby approved (the "Confirmation Notice"). The Confirmation Notice shall be mailed by the Debtors to all parties on the Master Service List, creditors, holders of Claims, parties to rejected executory contracts and unexpired leases, and other parties that are

entitled to receive notice by first class mail, postage prepaid; provided, however, that the Confirmation Notice need not be mailed to any person if a previous mailing to such person has been returned as undeliverable by the United States Postal Service, unless the Trustee has been informed in writing of a corrected address for such person.

M. In the event of any inconsistencies between the Plan and the Disclosure Statement, any exhibit to the Plan or the Disclosure Statement, or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern.

N. Pursuant to Bankruptcy Code Sections 105, 1123(a), 1142 and 1145, the provisions of this Confirmation Order, the Plan, and any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

O. Pursuant to §§ 365 and 1123(b)(2) of the Bankruptcy Code, upon Confirmation, the Plan provides for the rejection of each and every executory contract and unexpired lease except that certain executory contract by and between Debtor and R.B. Sudderith, Trustee for the Sites, Inc. Profit Sharing Plan, as landlord on the one hand, and Grid Towers, LLC as tenant, on the other hand (the "Grid Towers Contract").  Trustee Levengood's decisions regarding rejection of

executory contracts and unexpired leases are based on and are within the sound business judgment of Trustee Levengood, are necessary to the implementation of the Amended Plan, and are in the best interests of the Debtor, Debtor's estate, holders of Claims, and other parties in interest in this Chapter 11 case. With respect to the Grid Towers Contract, the Amended Plan contemplates Trustee's assumption of the Grid Towers Contract. Trustee Levengood shall file a separate Motion seeking approval to assume the Grid Towers Contract. Nothing contained herein shall be deemed a waiver of Trustee Levengood's right to assume the Grid Towers Contract and this Court holds that Trustee Levengood retains the right to seek approval to assume the Grid Towers Contract.

P. The Debtor will not receive a discharge of any existing debt until all payments under this Amended Plan or any modified plan are completed as provided in 11 U.S.C. § 1141(d)(5). A written request for discharge at such time is required.

**END OF ORDER**

Prepared and presented by:

/s/ James C. Joedecke, Jr.
James C. Joedecke, Jr.
Ga. Bar No. 391885
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
Suite 4000
1960 Satellite Boulevard

Duluth, GA 30097
Phone: 770-822-0900
Fax: 770-822-9680
Email: jjoedecke@atclawfirm.com
Counsel for J. Michael Levengood, Chapter 11 Trustee

No Objection as to form:

/s/ Jimmy L. Paul        (signed with express permission by JCJ)
Jimmy L. Paul
Ga. Bar No. 567600
Chamberlain, Hrdlicka, White,
Williams & Aughtry
191 Peachtree Street, N.E., 46th Floor
Atlanta, GA 30303
Phone:404-659-1410
Fax:404-659-1852
Email: jimmy.paul@chamberlainlaw.com
Counsel for Herman E. Talmadge, III, William Murphy Talmadge,
Ramsey Morrison Talmadge and Katherine Merritt Talmadge

/s/ Peter C. Ensign       (signed with express permission by JCJ)
Peter C. Ensign
BPR #. 249362
Ensign Law
6139 Preservation Drive, Suite 2
Chattanooga, TN 37416
Phone: 423-510-0410
Fax: 423-510-1395
Email: Ensign@ensignlegal.com
Counsel for Tyler and Margaret Talmadge

/s/ Joseph Chad Brannen        (signed with express permission by JCJ)
Joseph Chad Brannen
GA Bar No. 077120
The Brannen Firm, LLC
Suite G
7147 Jonesboro Rd.
Morrow, GA 30260
Phone: 770-474-0847
Fax: 770-474-6078
Counsel for the Henry County Tax Commissioner

/s/ J. William Boone             (signed with express permission by JCJ)

- 19 -

J. William Boone
GA Bar No. 067856
James-Bates-Brannan-Groover-LLP
3399 Peachtree Road, NE, Suite 1700
Atlanta, Georgia  30326
Phone: 404-997-6020
Fax: 404-997-6021
Counsel for the State Bank and Trust

## DISTRIBUTION LIST

J. Michael Levengood
Chapter 11 Trustee
Estate of Herman E. Talmadge, Jr.
150 S. Perry St., Suite 208
Lawrenceville, GA 30046

James C. Joedecke, Jr.
Andersen, Tate& Carr, P.C.
One Sugarloaf Centre
Suite 4000
1960 Satellite Boulevard
Duluth, GA 30097

Jimmy L. Paul
Chamberlain, Hrdlicka, White,
Williams & Aughtry
191 Peachtree Street, N.E., 46th Floor
Atlanta, GA 30303

Peter C. Ensign
Ensign Law
6139 Preservation Drive, Suite 2
Chattanooga, TN 37416

J. William Boone, Esq.
James-Bates-Brannan-Groover LLP
Buckhead Tower at Lenox Square
3399 Peachtree Road, N.E.,
Suite 1700
Atlanta, GA 30326

James H. Morawetz, Esq.
Trial Attorney
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Thomas R. Walker
McGuireWoods LLP
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, Georgia 30309

Joseph Chad Brannen
The Brannen Firm, LLC
Suite G
7147 Jonesboro Rd.
Morrow, GA 30260

3289085