IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | * | CASE NO. 14-50312 - wlh |
| | * | |
| HERMAN E. TALMADGE, JR. | * | |
| Debtor | * | |
| | * | Chapter 11 |
| | * | |

Limited Objection to Motion to Sell Free and Clear of Liens Under Section 363(f) *Motion for Authority to Sell GA HWY 138 Property Free and Clear of Liens and Provide Disbursement of Funds*

COMES NOW, the Henry County Tax Commissioner, and hereby objects to the Motion to Sell Free and Clear of Liens Under Section 363(f) *Motion for Authority to Sell GA HWY 138 Property Free and Clear of Liens and Provide Disbursement of Funds* dated May 2, 2019 [Doc. No. 385] (hereinafter the "Motion"), and shows the Court as follows:

1.

This case was initiated by Herman E. Talmadge, Jr (the Debtor) on January 6, 2014. Thereafter, the Debtor passed away and the current Chapter 11 Trustee was appointed by this Court. The Chapter 11 Trustee filed a Chapter 11 Plan of Reorganization dated May 1, 2018 that was subsequently amended with the Fifth Amended Chapter 11 Plan filed September 9, 2018 [Doc. 320] and said plan as Confirmed by this Court on October 9, 2018 [Doc. No. 329].

2.

Henry County Tax Commissioner is a creditor in this case by virtue of ad valorem taxes due on several pieces of real estate owned by the Debtor, either in whole or in part,

as such are identified in the schedule of assets provided in this case. In fact, Henry County Tax Commissioner has ad valorem tax obligations that should be described and treated as priority claims and administrative claims.

3.

The Debtor's Plan of Reorganization provides for the treatment of priority and administrative claims of the Henry County Tax Commissioner. Specifically, Henry County Tax Commissioner has secured, priority and administrative tax claims associated with the property identified in the Motion that should be paid in full following the sale of said property.

4.

The Motion of Debtor contemplates the sale of GA HWY 138 real property of the Debtor. The purpose of this limited objection is to put the Debtor on notice that the Henry County Tax Commissioner objects to the Motion to the extent the secured, priority and administrative tax claims of Henry County Tax Commissioner are not paid in full and in a timely fashion following the sale of any property associated with the Debtor as outlined in the Motion.

5.

The Henry County Tax Commissioner does not strongly oppose the Motion provided all secured, priority and administrative tax claims related to the property being sold are paid at the time such real property is sold. Further, the Henry County Tax Commissioner would argue that they should receive payment on administrative tax claims on non-sold real property from any excess proceeds of any sold property as provided under the Debtor's Confirmed Plan of Reorganization.

6.

The Henry County Tax Commissioner understands that properties in this case may be owned by the Debtor and non-Debtor related family members. Notwithstanding, the Henry County Tax Commissioner would argue that all secured, priority and administrative tax obligations regarding real property identified in this case should be satisfied before any other lesser priority claims of the Debtor are paid.

WHEREFORE, Henry County Tax Commissioner prays that its response be inquired into and sustained and that it have such other and further relief as this Court deems just and proper.

This 21st day of May, 2019.

                /s/  Joseph Chad Brannen
                Joseph Chad Brannen, Esq.
                GA Bar No. 077120
                Attorney for Henry County Tax Commissioner

7147 Jonesboro Road, Suite G
Morrow, Georgia 30260
770-474-0847
Chad@brannenlawfirm.com

CERTIFICATE OF SERVICE

      This is to certify that I have this day served counsel for all other parties (or the parties themselves if not represented by counsel) in the foregoing matter with a copy of this pleading by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon addressed as follows:

James H. Morawetz, Assistant Trustee
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

James C. Jodecke, Jr.
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
Suite 4000
1960 Satellite Boulevard
Duluth, Georgia 30097

Peter C. Ensign
Ensign Law
6139 Preservation Drive, Suite 2
Chattanooga, Tennessee 37416

James L. Paul
Chamberlain, Hrdlicka, White et al
46th Floor
191 Peachtree Street NE
Atlanta, GA 30303-1410

J. William Boone
James Bates Brannan Groover, LLP
Buckhead Tower at Lenox Square
3399 Peachtree Rd., NE, Suite 1700
Atlanta, Georgia 30326

Nathan W. Wood
McGuire Wood, LLP
1230 Peachtree Street, NE
Suite 2100
Atlanta, Georgia 30309

J. Michael Levengood
Chapter 11 Trustee
Law Office of J. Michael Levengood, LLC
150 S. Perry Street, Suite 208
Lawrenceville, Georgia 30046

      This 21st day of May, 2019.

      /s/ Joseph Chad Brannen_____
      Joseph Chad Brannen, Esq.
      GA Bar No. 077120
      Attorney for Creditor

7147 Jonesboro Road, Suite G
Morrow, Georgia 30260
770-474-0847